**JING YING SHI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–1854–AG.**

United States Court of Appeals, Second Circuit.

April 27, 2006.

Theodore N. Cox, New York, New York., for Petitioner.

John L. Brownlee, United States Attorney for the Western District of Virginia, Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Respondent.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL, and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Jing Ying Shi petitions for review of the March 2004 decision of the Board of Immigration Appeals ("BIA") denying her motion to reconsider her application for asylum. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d. Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam); *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Motions to reconsider must be filed within 30 days of the decision being challenged. *See* 8 C.F.R. § 1003.2(b)(2). However, the BIA has limited authority to reconsider, on its own motion, any case in which it has rendered a decision. *See* 8 C.F.R. § 1003.2(a); *see also In Re J–J–,* 21 I & N Dec. 976, 984, 1997 WL 434418 (BIA 1997). Assuming, hypothetically that this Court has jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority of 8 C.F.R. § 1003.2(a), the BIA did not abuse its discretion in refusing to reconsider its order.

The IJ found Shi not credible. The record reflects that Shi's testimony at the hearing was inconsistent with the statements he made in his sworn statement, and he was unable to give plausible explanations for such discrepancies. As a result, the BIA did not abuse its discretion in denying Shi's motion to reconsider.

Shi argues that there is a high probability that he would face torture if he repatriated. A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). Shi failed to raise CAT relief as an issue in his motion to reconsider to the BIA.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).